## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-04733 EAG |
| HAYDEE FRANQUI SANCHEZ | * | CHAPTER 7 |
| | * | |
| _____ | * | |

### AMENDED  REPLY TO ANSWER TO OBJECTION
### TO CLAIM S 5,6,7 AND 8

**TO THE HONORABLE COURT:**

Now comes debtor, through the undersigned attorney and very respectfully prays and states as follows:

1.  Debtor filed and objection to claims 5,6,7 and 8. (Docket #210).

2.  Claimants answered said objection by providing a document entitled "Certificación de Embargo".  They also amended the proof of claims to including a judgment in a civil case and a writ of execution in the same case.

3.  All of the above described documents are in the Spanish language, therefore must be stricken form the record pursuant to the applicable Federal Rules of Civil Procedure.

4.  Even if said documents are allowed claimants have failed to provide evidence of perfection of security interest.  In order to exist the perfection of security interest must not only show evidence of presentation to the Registry of the Property.  It must show that the property being attached belongs to the same person in whose name the property is recorded.

5.  The writ of execution shows that properties 7,497 and 7,581 are recorded in the late of Manuel Monsegur Sanabria and Haydeé Franqui Sánchez. Said information appears from the

judgment which is made part of the proof of claim.

6. Property 6578 is recorded in the name of Monsegur Sand Products, Inc. which is part of the estate of the late Manuel Monsegur Sanabria.

7. Property 8554 is recorded in the name of Manuel J Pagán Acosta and Margarita Monsegur Sanabria. This property is also part of the estate of the late Manuel Monsegur Sanabria.

8. A basic principle of Puerto Rico Mortgage law is legal continuity known as "tracto". In order for a document to be registered the property must be in the name of the interested party.

9. All of the above described properties are part of the estate of the late Manuel Monsegur Sanabria. Said information appears from the judgment which is made part of the proof of claim.

10. Claimants have failed to comply with the requirement of the Internal Revenue Code of Puerto Rico 13 L.P.R.A. 31161 and 31165. (now section 2054 in the current code). All properties of a deceased are subject to a tax lien which can only be eliminated by order of the Secretary of the Treasury (Relevo de Caudal Relicto). Copy of Section 31165 (applicable to the date of death of Manuel Monsegur Sanabria) is herewith attached.

11. As of today the above referred death tax return has not been filed.

12. The above described law constitutes a bar to the perfection of any lien against property of a decedent.

13. We must also note that the evidence provided by claimants show that the lien was presented to the Registry of Property on June 29, 2015. Pursuant to Article 53 of the Puerto Rico Mortgage Law 30 L.P.R.A 6073 all preventive annotations which have their origin or judicial writs have a caducity term of 4 years, and caducity operates by the mere passing of time.

14. The above described liens, if valid, expired on June 30, 2019, that is before the entry of discharge. An expired lien in the opposite of a perfected lien. Perfect lien means that it is enforceable. See Black's Law Dictionary, Sixteen Edition.

15. Since the claim was filed after the bar date it cannot be allowed as an unsecured claim. Late claims may be allowed in Chapter 11 cases, but not in Chapter 7 or 13. Pioneer Investment Services V. Brunswick 507 U.S. 380(1993).

16. The most basis rule of evidence is that the admission of a fact by a party relieves the opposing party of the duty to present evidence of that fact. The evidence provided establishes that the lien is not perfected.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the claims 5,6,7 and 8 be disallowed due to failure to present evidence of perfection of security and disallowed in its entirety due to failure to file before the bar date.

**CERTIFICATE OF SERVICE : I HEREBY CERTIFY:** That on November 24, 2021 we electronically filed the foregoing using the CM/ECF system. Notice of this filing will be sent electronically though the CM/ECF System Wigberto Lugo Mender, Chapter 7 trustee and Attorney José R Cintrón, representing creditors Maritza Monsegur Roche, Manuel Monsegur Roche, Ivan Monsegur Roche and to Manuel Monsegur González and by regular mail to creditor Maritza Monsegur Roche, Urb. Alborada Calle 3 F-4, Sabana Grande, PR 00637, Manuel Monsegur Roche,Po Box 4214, Mayagiez, PR 00681, Ivan Monsegur Roche,Parcelas San Romualdo Calle E #50, Hormigueros, PR 00680 and Manuel Monsegur Gonzalez, Residencia Mar y Sol,Edificio 17 Apto. 127, Mayaguez,PR 00680.

In Mayaguez, Puerto Rico, this 24th day of November, 2021.

/s/Alberto O. Lozada Colón

Alberto O. Lozada Colón
USDCPR 123811
PO Box 430
Mayaguez, PR 00681
Tel. 787-833-6323 Fax 833-7725
lozada1954@hotmail.com

# P.R. Laws tit. 13, § 31165

§ 31165. Prohibited actions unless document crediting lien cancellation is submitted

(a) Property comprising decedent's estate. — Regarding any property subject to the lien imposed in § 31161 of this title on account of having been transferred as inheritance, bequest or legacy, in connection to which a lien cancellation certificate as provided in § 31162 of this title has not been submitted, the following rules shall be observed:

(1) Courts, notaries, and property registrars. — Except in the specific cases authorized in §§ 31128 and 31121 of this title, no court shall approve the division or distribution, sale, surrender, assignment or mortgage foreclosure without there being a deduction, to be deposited with the court, of the proceeds of the auction, in favor of the Secretary, the amount of the taxes that he/she has determined or determines to be attributable to such property; and no notary shall authorize, issue or certify any document pertaining to a division or distribution, sale, surrender, assignment or mortgage on such property, with the exception from this prohibition of the certification of documents executed before the time of death of the decedent; and no property registrar shall record in any register under his/her care, any notary document, judgment or court action, executed, ruled or issued, in connection with any division or distribution, sale, surrender or mortgage of said property.

(2) Financial institutions. — No financial institution shall surrender to the heirs, legatees or beneficiaries of a decedent the funds in accounts to the name of the deceased, or the deceased and another person jointly, in any amount that exceeds fifteen thousand dollars ($15,000), or twenty-five percent (25%) of the amount of such funds, whichever amount is greater, unless the Secretary authorizes a greater amount pursuant to the provisions in § 31128 of this title, or that a lien cancellation certificate as provided in § 31162 of this title is submitted to the financial institution. For purposes of this section, the term "financial institution" shall include banks, investment trusts, savings and loan associations, brokerage houses or securities firms, and savings and credit unions doing business in Puerto Rico.

(3) Safe deposit boxes. — Any person who, as a main or collateral function within his/her operations, shall be required to keep current, for inspection by and information of the Secretary, a Register with the names and addresses of the persons to whom such safe deposit boxes are leased during every calendar year, which Register shall include the number of each safe deposit box, the date of the lease contract, and in the event that such lease contract has been assigned, the date of assignment and the name and address of the assignee. When dealing with leases made out to two or more persons jointly, he/she shall keep the same information in connection with the co-lessees. Likewise, he/she shall keep a register indicating the date and time in which said person or the lessees open said safe deposit boxes. Such person shall not allow the safe deposit box to be opened by anyone when such safe deposit box is leased by any decedent or by him/her jointly with any other person, without there being an authorized representative of the Secretary present.