### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| FRANQUI SANCHEZ, HAYDEE | * | CASE NO. 16-04733- EAG |
| | * | |
| | * | |
| DEBTORS | * | CHAPTER 7 |

**********************************************

### CHAPTER 7 TRUSTEE REPLY TO DOCKET NO. 227 AND POSITION REGADING DEBTOR'S OBJECTION TO POC NO. 5, 6, 7 & 8

TO THE HONORABLE COURT:

COMES NOW, Wigberto Lugo Mender, duly appointed Chapter 7 Trustee of this case, and attorney for the estate through its firm Lugo Mender Group, LLC; acting as general counselor for this bankruptcy estate and respectfully states as follows:

### I.     BACKGROUND

1.  The above captioned case was filed as a Chapter 7 proceeding on June 14, 2016 (Docket No. 1).

2.  On June 15, 2016, the undersigned was appointed as a Chapter 7 Trustee for this bankruptcy estate. (Docket No. 5).

3.  Within her Schedules Debtor listed several real properties which are unencumbered and available for liquidation. (Docket No. 9)

4.  Since the date of the appointment, the Chapter 7 Trustee has made efforts to administer and liquidate the assets of this estate for the benefit of all creditors and parties in interest.

5.  On December 27, 2021, the Trustee filed a motion to sale property free and clear, as supplemented. (Docket No. 221 & 225).

6.  On January 12, 2022, Debtor filed an objection to such sale. (Docket No.  227).

2

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

7.  Upon review of the contents of the objection to the sale and the documents and sources to which the debtor refers, we are forced to conclude that the objection should be denied in multiple grounds.

8.  In sum, it is the Chapter 7 Trustee's position that the objection lacks support and compliance with applicable rules which, in occasions, makes it impossible to address the same in the merits. The objection should be denied.

## II.    DISCUSSION

### a.  Requirements of Local Bankruptcy Rule 9013-2

9.  As it will be relevant to the overall analysis of the objection, we make reference to the requirements of LBR 9013-2.

10. LBR 9013-2 specifically states that:

> *(a) Supporting Memorandum Required With All Written Motions and Responses. Except as provided in subsection (b) of this LBR, **any motion** or response thereto **must be accompanied by a supporting memorandum that contains the points and authorities in support of the party's position**, together with any affidavits or documents in support thereof. The memorandum must also include specific reference to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, these LBRs, and/or other controlling authorities. The memorandum and motion or response thereto may be combined in a single document.*

11. In essence, it is not hard to argue that the rule intends that, in addition to mandate for a given party to support its assertions with proper legal references, it also provides the other party and the Court the opportunity to evaluate the arguments and content, to then formulate the intended response or adjudication.

3

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

12. As set forth in LBR 1001-1(f), "*[t]he court, sua sponte or on the motion of any interested party, may impose sanctions for failure to comply with these rules. Sanctions may include but are not limited to: the imposition of monetary sanctions; non-monetary sanctions; dismissal of the case or proceeding; **striking of papers filed with the court; or denial of the relief sought**, as the court in its discretion deems appropriate*".

13. Finally, it is the Trustee's contention that improper or incorrect references, as will be noted below, also fail to comply with this rule.

### b. <u>Objection to Claims Lack Merit and Legal Support</u>

14. On its objection to the sale, the debtor makes reference to certain pending objection to various proof of claims.

15. Upon proper analysis, it appears also evident that the objections to such claims are meritless or unsupported. Even, our evaluation suggest that the objections were filed to induce the Court to error.

#### i. Allegations that claims are time barred

16. On April 26, 2021, Manuel Monsegur Roche; Ivan Monsegur Roche; Martizta Monsegur Roche and Manuel Monsegur Gonzalez, filed proof of claims number 5, 6, 7 & 8 respectively and each for an independent amount of $475,000.00.

17. On October 15, 2021, the debtor filed an objection to these claims. (Docket No. 210)

18. First, although the debtor alleged that the claims are time barred pursuant to non-bankruptcy law, debtor makes **no reference whatsoever as to when the timeframe started to run and when**

4

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

**it elapsed**.

19. **Second**, debtor only makes reference to two (2) legal sources to support its allegation to wit, Article 1203 of the Civil Code of Puerto Rico and Calidad Auto Sales v. Wanda Ayuso Rivera, KLCE201801107.

20. Debtor's assertion is simply improper inasmuch, the only Article 1203 within a Civil Code that makes reference to the statute of limitations of a cause of action is within the new Civil Code which was enacted on November 2020, which became on 2021 and is inapplicable to the asserted claims within POC No. 5, 6, 7 & 8.  As to the Calidad Auto Sales v. Wanda Ayuso Rivera, supra, which is an appellate court case, a simple review of such case actually refers to the correct applicable statute of limitation applicable to these claims which emanate from a judgment is fifteen (15) years pursuant to Article 1864 of the former Civil Code. Therefore, the same caselaw cited by debtor supports that debtor's objection is meritless.

21. Debtor is quite familiar that POC No. 5, 6, 7 & 8 are related to a final and unappealable judgment of August 15, 2013, in the cases ISCI200401931; ISRF200500492; ISRF200700697.

22. As such, it can be easily ascertained that debtor's allegations that the claims are time barred has no merit. Even, debtor's unfounded allegations can be viewed as frivolous.

23. Debtor reference to inapplicable statutes and unfavorable caselaw simply support that the objections are lacking, unsupported and fail to comply with LBR 9013-2.

### ii.   Allegations related to the bar date for filing claims

24. For some reason, debtor continues to assert or suggest to this Court, without any support, that somehow the filing of proof of claim in a Chapter 7 after the bar date affects the allowance of such

5

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

claim. Debtor is incorrect, regardless if the claims is secured or unsecure.

25.  Simply stated, in a Chapter 7, filing is a requirement of allowance but timeliness, is a mater of rank in distribution relevant upon unsecured portions.

26. To avoid duplicity, the Trustee makes reference and adopts by reference his arguments and memorandum of law on this matter at docket no. 194, Subsection E page 7-9.

### iii.   Reference to Debtor's discharge

27. At docket no. 210 the Debtor asserts that the discharged was entered on January 23, 2020, and that such discharge includes which are scheduled as unsecured. Refer to docket no. 210 ¶10.

28. Although that may be true with regard to the Debtor and its future liability to scheduled claims due to the entry of the discharge, the discharge has little or nothing to due with the creditors' rights to file claims against the bankruptcy estate pursuant to Section 502 and FRBP 3001.

29. There is no reference in debtor's objection to these claims which identifies any authority for such assertion. It is simply unsupported and fails to comply with LBR 9013-2.

### iv.   Existence of security interest

30. First of all, the existence of a security interest or not is not an argument proper to prevent the sale free of liens.

31. The existence of a security interest or not, is relevant for the order of the distribution, when the Trustee files its report of intended distribution.

32. As stated before, whether the claims are considered as secured or unsecured, they will be entitled to distribution under this Chapter 7 case.

6

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

33. If debtor wishes to contest the security interest of these creditors, it should do it through the filing of an Adversary Proceeding per FRBP 7001.

34. Regrettably for debtor, these are matters that were filed, litigated and adjudicated within the Adversary Proceeding no. 18-00067 in which all parties were notified and are subject to res judicata principles that apply. It is an uncontested fact within the opinion and order of this Court that such attachment exists as a valid claim against the property. (Adversary Proceeding Docket No. 79 at page 7).

### c.   **Arguments for the Objection to the sale**

### i.   **Interest of Co-debtor**

35. Within its objection, the debtor questions the interest of another co-owner. (Docket No. 227 ¶6)

36. **First** of all, debtor has no standing to raise any matter related to a third party's right in distributions.

37. **Second,** debtor provides no document, support or legal reference to its objection or confusion on this matter.

38. Simply enough, the estate owns the 50% of the property and shares ownership in equal proportion with Manuel Monsegur Franqui over the other half. Therefore, the estate is entitled to the 75%, while the co-owner to a 25%.

39. These are matters that were filed, litigated and adjudicated within the Adversary Proceeding no. 18-00067 in which all parties were notified and res judicata principles apply.

7

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

40. It is an uncontested fact within the opinion and order of this Court. (Adversary Proceeding

Docket No. 79 at page 6-7).

41. Debtor has no standing, provides no evidence and fails to comply with LBR 9013-2.

### ii.   Unsupported Allegation on Restrictions to Sale

42. On its motion the debtor asserts that the Trustee is unable to sale the property due to certain

lien in favor of other party.

43. Again, debtor has no standing to raise any matter related to a third party's right.

44. Debtor refers to "13 USC 31165" which we have searched and appears to be an inexistent or

incorrect reference. (Docket No. 227 at ¶7)

45. Therefore, the motion fails to comply with LBR 9013-2 as the debtor filed to provide a legal

source that corresponds or supports its argument.

46. As such, debtor has provided no sound nor supported reason that would preclude the Trustee

from exercising its duties and powers to sell property of the estate per Section 363.

47.  Although we are unable to examine debtor argument in the merits on debtor's own fault, we

do outline that the United States Court of Appeals for the First Circuit has identified three

circumstances in which a federal statute or regulation will be deemed to preempt state law. The

first is when the federal statute is expressly preemptive. *Tart v. Massachusetts*, 949 F.2d 490, 500

(1st Cir. 1991). The second is when a federal regulatory scheme "is so pervasive as to generate the

reasonable inference that Congress intended to leave no domain open to state regulatory

supplementation." *Id.* And the third is when a state statute is in direct conflict with a federal statute,

8

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

thereby frustrating Congressional intent or making compliance with both statutes impossible. *Id.*

48. An intent to preempt state law is presumed when federal regulation is comprehensive. *Hillsborough Cty., Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713, 105 S. Ct. 2371, 85 L. Ed. 2d 714 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. at 230). Courts have described the Bankruptcy Code as "complex, detailed, and comprehensive," thus supporting the presumption that Congress intended "to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *See MSR Expl. v. Meridian Oil, Inc.*, 74 F.3d 910, 913 (9th Cir. 1996). "It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process." *Id.* Additionally, if state law has the consequence, even if unintended, of materially frustrating a debtor's use of the Bankruptcy Code, then the state law will be preempted. *Volkswagen of Am. v. Dan Hixon Chevrolet Co. (In re Dan Hixson Chevrolet Co.)*, 12 B.R. 917, 923 (Bankr. N.D. Tex. 1981) (noting that the state legislature's lack of intent to frustrate federal law does not defeat preemption of state law); *cf. Mass. Ass'n of Health Maint. Org. v. Ruthardt*, 194 F.3d 176, 179 (1st Cir. 1999) (noting that "congressional intent also can be deduced from circumstances such as inconsistency or impossibility").

49. Implied preemption also applies "when compliance with both state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Good v. Altria Grp., Inc.*, 501 F.3d 29, 47 (1st Cir.

9

2007), *aff'd and remanded*, 555 U.S. 70, 129 S. Ct. 538, 172 L. Ed. 2d 398
(2008) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 100-01, 109 S. Ct. 1661, 104 L. Ed.
2d 86 (1989)). For precisely the reason set forth in *Coombs*, simultaneous compliance with
Massachusetts tenancy by the entirety law and § 363(h) and (j) is impossible. Strict compliance
with Massachusetts tenancy by the entirety law would require a trustee to hoard the proceeds of
the sale of entireties property, possibly for years. This is contrary to the policy of the Bankruptcy
Code, which encourages the prompt administration of bankruptcy estates and would force a trustee
to disregard Code § 704(a)(1), which requires a trustee to close the bankruptcy case "as
expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704. "[T]he
plain language of the statute [§ 363(j)] directs the trustee immediately to distribute proceeds after
the sale." *Stine v. Diamond (In re Flynn)*, 418 F.3d 1005, 1008 (9th Cir. 2005); *see also In re
Hunter*, 970 F.2d 299, 303 (7th Cir. 1992) ("And, after the trustee sells the entirety property, an
appropriate portion of the proceeds is immediately given to the non-debtor spouse.")*; Aino v.
Maruko (In re Maruko, Inc.)*, 200 B.R. 876, 882 (Bankr. S.D. Cal. 1996) (concluding that "the
drafters of the Bankruptcy Code intended the distribution under section 363(j) to be immediate").

50. Therefore, any restriction to prevent the Trustee from exercising its power to sell would be
preempted by federal law. Debtor's motion is insufficient to conclude otherwise.

### iii.   Debtor is interested in the property

51. During the pendency of the notice or objection period for this reply, debtor submitted a
competing offer as instructed and per the requirements of the motion for sale.

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

52. Although, such offer was made subject to this Court's resolution on the sale, it has become evident that debtor intentions to object the sale and otherwise question the authority of the Trustee, responds to a now confirmed interest to retain property of the estate, albeit being the debtor's voluntary filing which conferred the Trustee with the authority within Section 363.

53. Certainly, the Trustee has no objection to receive a competing bidding.

54. Yet, such upon such competing offer by the debtor the trustee is required to move forward with a notice of public auction for the sale of the property at behest of the own debtor.

55. It seems irreconcilable with debtor's interest to obstruct the Trustee's sale efforts.

56. Therefore, although the Trustee will move towards the alternate process of sale detailed in the motion to sale, and celebrate a public auction, the Trustee moves for the denial of the objection in all grounds that would obstruct such further sale efforts.

**WHEREFORE**, Trustee prays for this Honorable Court to deny the objection to the sale filed by the debtor.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to **Alberto O. Lozada Colon, ESQ.,** (Attorney for Debtor) at lozada1954@hotmail.com; U.S. Trustee Office, (Monsita Lecaroz Arribas, Esq.) at ustpregion21.hr.ecf@usdoj.gov and to the participants appearing in said record

**I FURTHER CERTIFY:** That on this same date a copy of the foregoing document has been served by First Class Mail to: **Haydee Franqui Sanchez (Debtor)** PO Box 372, Sabana

11

Franqui Sanchez, Haydee
Case no. 16-04733 EAG
Trustee's Reply to Docket No. 227

Grande, P.R. 00637-0372; **Alberto O. Lozada Colon (Attorney for Debtor)** Bufete Lozada

Colon, PO Box 427 PMB 1019, Mayagüez, P.R. 00681.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico this January 24, 2022.

*Lugo Mender Group, LLC*
Attorney for the Estate
100 Carr. 165 Suite 501
Guaynabo, P.R. 00968-8052
Tel.: (787) 707-0404
Fax: (787) 707-0412

*/S/ Alexis A. Betancourt Vincenty*
Alexis A. Betancourt Vincenty
USDC-PR 301304
a_betancourt@lugomender.com