# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

```
IN RE                                    `
HAYDEE FRANQUI SANCHEZ                   `   Case No 16-4733 EAG
    Debtor                               `   Chapter 7
----------------------------------------`
```

## MOTION IN COMPLIANCE WITH ORDER

Come Now the Claimants, heirs of the ESTATE OF MANUEL MONSEGUR SANABRIA, through counsel, and respectfully state and pray as follows:

### INTRO

1. On October 15, 2021, the Debtor filed an Objection to Claims 5, 6, 7 & 8, wherein she argues that the same should be reclassified as unsecured, because they do not include evidence of perfection of the secured status.

2. On November 2, 2021, the Claimants replied and presented a Title Study that showed that the Judgment & Execution issued in Case No ISCI 04-1931, were properly presented at the Registry, and are currently pending recording in due course.

3. On November 24, 2021, the Debtor filed her Amended Answer to Objection to Claims wherein she raised several issues, prompting the Court to ORDER Claimants to reply (Docket 217).

4. In compliance with this Court's ORDER, the Claimants respond to Debtor's objections, as follows:

### SPANISH LANGUAGE DOCS

5. The Debtor argues that the evidence included in Claimants' reply to objection to claim must be striken because the docs are in the Spanish language.

6. Nonetheless, in her Motion Submitting Title Search (Docket 239) she includes four title studies in the Spanish language.

7. Either way, this Court has authority under 11 USC 105 to allow the documents to be filed in Spanish.

8. The Claimants hereby request that the Court use its inherent powers under 11 USC 105 to allow the documents as filed and thus avoid the costs of translation to the English language.

**PERFECTION**

9. The Debtor argues that the Writ of Execution in allegedly invalid because the properties are allegedly not recorded in the name of the person against whom the lien is directed.

10. However, contrary to Debtor's argument, the Order & Writ of Execution in Case No ISCI 04-1931 was issued against the specific properties which are **expressly identified** in the Writ according to the legal descriptions recorded at the Registry of the Property. See, Writ of Execution attached to Proof of Claims 5, 6, 7 & 8.

11. It is pertinent to underscore that the Debtor claimed ownership of all the properties in Sch AB to her petition in this case,

12. Furthermore, the property that is currently being sold by the Trustee is recorded in Debtor's name (together w her husband) as reported in the Title Studies filed by her at Docket 239.

13. Therefore, Debtor's objection is inapposite.

**ESTATE TAX LIEN**

14. The Debtor argues that the PR Estate Tax Lien constitutes "a bar against perfection of any lien against property of a decedent", citing Sec 2054 of the PR Internal Revenue Code.

15. However, Section 2054 does NOT establish a bar but rather a preferential lien over the property. Furthermore, said Section 2054 expressly provides:

> El gravamen dispuesto por esta sección se originará en la fecha de la transferencia y será gravamen preferente a todas las deudas, créditos u

> obligaciones de cualquier clase que se originen en
> o después de la fecha de dicha transferencia y
> continuará vigente hasta que fuere cancelado.

16. It is clear from the express language of Section 2054 that subsequent liens may indeed by filed.

### CADUCITY

17. Debtor argues that Claimant's secured status lapsed under Article 53 of PR Registry of the Property Act, No 210-2015.

18. The Claimants submit otherwise since Article 1209 of the Civil Code provides that "caducity" (sic) may be tolled or suspended as provided by law. Specifically, Article 1209 provides:

> Los términos de caducidad comienzan a transcurrir
> cuando la ley lo determina, y solo esta puede
> disponer su interrupción o suspensión.

19. In the case at bar, Section 362 of the Bankruptcy Code provides a legal tolling of the term.

20. Specifically, 11 USC 362(a)(4) provides that a petition in bankruptcy operates as a stay against any act to create, perfect, or enforce a lien against property of the estate.

21. Furthermore, under 11 USC 362(c)(1) the stay of an act against property of the estate continues until such property is no longer property of the estate.

22. In this case, the Writ of Execution was filed before the Registry on June 26, 2015 and the Ch 7 case was filed on June 14, 2016. The properties in question are still properties of the estate.

11. Therefore, the 4 year period provided under Article 53 of Act No 210-2015 has NOT lapsed, and Claimants security interests are valid.

### OTHER MATTERS

12. It is submitted that the Debtor lacks standing to object to Claimant's Proof of Claims.

13. Only the Ch 7 Trustee has standing.

14. Debtor's claim that this is a surplus case is unfounded.

**WHEREFORE**, the Claimants respectfully request that, after the proper proceedings, this Court deem them in compliance with its ORDER at Docket 217.

**IT IS FUTHER REQUESTED** that Debtor's objection to Claims 5, 6, 7 & 8 de denied.

**CERTIFICATE OF SERVICE**, It is hereby certified that true copy of this Motion was served electronically through the EM/ECF system to all parties participating, and by regular mail to all other interested parties as per master address list.

Santurce, Puerto Rico, this 26th day of JANUARY, 2022.

*S/José R. Cintrón, Esq*

USDC-PR 208411
Calle Condado 605, Suite 602
Santurce, Puerto Rico 00907
Tel 787-725-4027
Cel 787-605-3342
Fax 787-725-1709
jrcintron@prtc.net
lawoffice602@gmail.com

**COUNSEL FOR THE CLAIMANTS**