## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>HAYDEE FRANQUI SANCHEZ<br><br>Debtor. | CASE NO. 16-04733 MAG13<br><br>Chapter 7<br><br><br>FILED & ENTERED ON 5/16/2022 |

### OPINION & ORDER

Pending before the court are two interrelated matters in the instant case: the objection to claims 5, 6, 7, and 8 and the Chapter 7 Trustee's motion to sell property free and clear of all liens under 11 U.S.C § 363(f). For the reasons stated below, the objection to claims 5, 6, 7, and 8 is denied and the motion to sell property free and clear of liens is approved.

### I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. PROCEDURAL BACKGROUND

#### (i) The Instant Case

On June 14, 2016, Haydee Franqui Sanchez (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code and Wigberto Lugo Mender was appointed Chapter 7 trustee (the "Chapter 7 Trustee") on June 15, 2016. [Dkts. 1 & 5.]

**(ii)    The Proofs of Claim**

On April 26, 2021, Proofs of Claim 5, 6, 7, and 8 were filed (collectively, the "Proofs of Claim"): Proof of Claim number 5 was filed by Manuel Monsegur Roche, Proof of Claim number 6 was filed by Ivan Monsegur Roche, Proof of Claim number 7 was filed by Maritza Monsegur Roche, and Proof of Claim number 8 was filed by Manuel Monsegur Gonzalez. [Claims Register Nos. 5-8.]

The Proofs of Claim are in the secured amount of $475,000.00 each, based on a judgment dated August 15, 2013 issued by the Court of First Instance of Puerto Rico, Superior Court of Mayagüez, in case number ISCI200401931 of inheritance partition in which Manuel Monsegur Roche, Ivan Monsegur Roche, Maritza Monsegur Roche, and Manuel Monsegur Gonzalez (collectively the "Claimants") were plaintiffs and Debtor and her son Alvaro Emmanuel Monsegur Franqui were the defendants. The state court judgment upheld a settlement agreement executed on May 7, 2007 among the Claimants, Debtor, and Debtor's son (the "Settlement Agreement"), in which the parties reached an agreement as to the terms and conditions for the division of the probate estate of Debtor's late husband.

The judgment provides that Debtor was to pay each of the Claimants the amount of $475,000.00, and in addition Debtor and her son would relinquish their rights in favor of the Claimants in two real properties part of the probate estate of Debtor's husband: a lot in Barrio Limon of Mayaguez and a lot in Barrio Rincon, Pozo de Sabana Grande Sector. In accordance with the Settlement Agreement, these two properties would become property of the Claimants in equal parts.

In consideration for the payment to the Claimants and the relinquishment of the rights over the real properties mentioned, the Claimants would relinquish their rights in favor of Debtor

and her son on personal and real properties listed in the Settlement Agreement, including one in Rd. 2, Km. 177.1, Barrio Guama, San German, PR.

Upon Debtor's failure to pay the amounts stated in the Settlement Agreement, the Claimants obtained from the state court a writ of attachment over certain properties to secure satisfaction of the judgment. [Claims Register Nos. 5-8, Part 3.] Among these properties, is the aforementioned lot on Road 2 Km. 177.1, Barrio Guama, San German, PR. The writ was duly presented in the Puerto Rico Property Registry on June 26, 2015, before the petition was filed on June 14, 2016. [Dkt. 239, pp. 3, 6.] The Debtor listed the referred real property in Amended Schedule A/B [Dkt. 16.]

**(iii)    The Objection to Claims**

On October 15, 2021, Debtor filed an objection to the Proofs of Claim (the "Objection to Claims") [Dkt. 210.] On November 2, 2021, the Claimants, as heirs of the estate of Manuel Monsegur Sanabria, filed an answer to the Objection to Claims. [Dkt. 212.] Subsequently, Debtor filed replies on November 18 and 24, 2021, January 25, and February 4 and 15, 2022 [Dkts. 215, 216, 240, 247 & 251.] On December 8, 2021, the court entered an order directing the Claimants to respond to the allegations made by Debtor on her objection and replies and the Claimants complied on January 26, 2022. [Dkts. 217 & 241.] On January 24 and February 28, 2022, the Chapter 7 Trustee also stated his position regarding the Objection to Claims alleging that it lacks merit and legal support. [Dkts. 238 & 258.]

**(iv)    The Motion for Sale**

On December 27, 2021, the Chapter 7 Trustee filed a motion to sell property free and clear of liens under 11 U.S.C. § 363(f) [Dkt. 221, as supplemented at Dkt. 225] (the "Motion for Sale"), which Debtor opposed on January 12 and 25 and February 15, 2022. [Dkts. 227, 240 & 251] (collectively, the "Objection to Sale"). The Chapter 7 Trustee seeks an order from this court

to sell free and clear of liens pursuant to 11 U.S.C. § 363(f), the property located at Road 2 Km. 177.1, Barrio Guama, San German, PR, which is identified at the Puerto Rico Property Registry as Lot No. 7,581, recorded at page number 88, volume 252 of San Germán ("Property 7,581"). The Chapter 7 Trustee obtained in an adversary proceeding the court's approval under 11 U.S.C. § 363(h) to sell Property 7,581 as it is co-owned by a nondebtor party, Debtor's son. [Adv. Proc. No. 18-00067, Dkt. 79.]

Debtor's opposition to the sale of Property 7,581 is mainly premised on the pending Objection to Claims. Debtor argues that because the sale contemplates the payment of the lien presented in the Property Registry in favor of Claimants, if the Proofs of Claim are disallowed, the Chapter 7 Trustee would have enough funds on hand to pay all unsecured creditors without selling Property 7,581. [Dkts. 227, 240 & 251.]

**(v)      Arguments of Debtor, Claimants, and the Chapter 7 Trustee**

Debtor raised in the Objection to Claims and the objection to the sale of Property 7,581 the following arguments : (1) caducity: pursuant to Art. 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 6073, preventive annotations have a caducity of four years and therefore, the Claimants' lien expired on June 30, 2019; (2) prescription: the prescriptive period of a personal action is four years under Article 1203 of the Civil Code of 2020, 31 L.P.R.A. § 9495, or five years under Article 1866 of the Civil Code of 1930, 31 L.P.R.A. § 5296, and 11 U.S.C. § 108(c) of the Bankruptcy Code which allows the filing of a claim 30 days after the termination of the stay, does not apply because the stay terminated upon the entry of Debtor's discharge and that was one year before the filing of the claims; (3) late filing: the Proofs of Claim were filed after the bar date and should be disallowed under Fed. R. Bankr. P. 3002; (4) lack of legal continuity ("tracto"): there is no continuity as required for a lien to be recorded in the Puerto Rico Property Registry because  Property 7,581 the Chapter 7 Trustee seeks to sell is recorded in the name of

4

Debtor and of her late husband; and (5) "death tax lien": there is a "death tax lien" that cannot be canceled until filing of the "death tax return" and cancellation of the lien by the Puerto Rico Secretary of Treasury under 13 L.P.R.A. § 31161. [Dkt 240.]

In their oppositions, the Claimants and the Chapter 7 Trustee allege in essence that the lien was duly presented in the Puerto Rico Property Registry and must be paid as part of the sale of Property 7,581. They argue that neither caducity nor prescription applies to the attachment because the automatic stay provision of the Bankruptcy Code is applicable and stalls any prescription or caducity periods until the automatic stay is no longer in effect. See, 11 U.S.C. §§ 108, 362. [Dkts. 241 & 258.] Additionally, the Claimants raise issues as to Debtor's standing and the Chapter 7 Trustee states that any restriction to prevent the Trustee from exercising its power to sell Property 7,581 is preempted by the Bankruptcy Code. [Dkts. 241, 238 & 258.]

The court addresses the foregoing matters below.

### III. APPLICABLE LAW AND DISCUSSION

#### (i) Standing

Before addressing the merits of the parties' respective positions, the court must first consider the arguments raised by Debtor and by the Claimants as to standing. See, In re Eldorado Canyon Properties, LLC, 505 B.R. 598, 599 (B.A.P. 1st Cir. 2014). Debtor alleges that the Chapter 7 Trustee does not have standing to defend claims or reply to the Objection to Claims [Dkt. 251, pp. 2-3] and the Claimants allege that the Debtor lacks standing to object to the Proofs of Claim because this is not a surplus case [Dkt. 241, pp. 3-4.]

The standing of the Chapter 7 Trustee to provide his position as to claims is part of a trustee's duties. "A Chapter 7 trustee has a duty to protect the estate and dividends payable to unsecured creditors by objecting to claims which in his or her judgment are not allowable." In re Choquette, 290 B.R. 183, 189 (Bankr. D. Mass. 2003) (citing 11 U.S.C. § 704(5)). Additionally,

5

a "trustee has a duty 'to maximize the assets of the bankruptcy estate to allow maximum recovery for the debtor's creditors.'" Internal Revenue Serv. v. Baldiga, Tr. of Est. of Hannon, 619 B.R. 524, 529 (D. Mass. 2020) (quoting United States v. Charles Sims (In re Feiler), 218 F.3d 948, 952 (9th Cir. 2000)). In compliance with the foregoing duties, the Chapter 7 Trustee has standing to state his position as to matters that affect the administration of the estate. Therefore, Debtor's objections as to the Chapter 7 Trustee's standing have no merit.

As to her standing, Debtor alleges that this is a surplus case and as such, she has standing to object to the sale of Property 7,581 and to the Proofs of Claim. While Debtor raised the alleged surplus without providing any facts to support said allegation, the record shows that the allowed unsecured claims in this case amount to $3,201.90 [Proof of Claim No. 2], the Chapter 7 Trustee currently has $60,174.44 in "funds on hand," [Dkt. 246], and the sale of the Property 7,581, if approved, would bring more money to the estate[1]. Consequently, the court denies the Claimants' argument that the Debtor lacks standing because this could be a surplus case. See, In re Choquette, 290 B.R. 183, 188–89 (Bankr. D. Mass. 2003); In re Gentile, 492 B.R. 580, 584 (B.A.P. 1st Cir. 2013).

**(ii)     Prescription and Caducity**

Debtor alleges that the Claimants' lien is extinct and that their claims are barred by prescription. The court disagrees.

Debtor failed to cite the applicable caducity period for an attachment under the Puerto Rico mortgage law applicable at the time of the presentation of the Claimants' lien in the Puerto Rico Property Registry, which is the Puerto Rico Mortgage Act of 1979, 30 L.P.R.A. §§ 2001 *et seq.* The four-year caducity period claimed by Debtor applies under the new Law of the Property

---

[1] For purposes of this discussion on Debtor's standing, at this time the court will not consider the Proofs of Claim filed by Claimants because the Debtor seeks their disallowance.

Registry of the Commonwealth of Puerto Rico of 2015, 30 L.P.R.A. §§ 6001 *et seq*, which was enacted after the presentation of the writ of attachment in the Puerto Rico Property Registry.

11 U.S.C. § 108 provides as follows:

(c) Except as provided in section 524 of this title [11 U.S.C. § 524], if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title [11 U.S.C. § 1201 or 1301], and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title [11 U.S.C. § 362, 922, 1201 or 1301], as the case may be, with respect to such claim.

In turn, 11 U.S.C. § 362(c)(1) provides that "(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate[.]" Consequently, even if such four-year period claimed by Debtor applied, 11 U.S.C §§ 108(c) and 362(c)(1) stall the term for a creditor to enforce its lien. See, 2 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 108.04 (16th 2022); In re 201 Forest St., LLC, 422 B.R. 888, 895 (B.A.P. 1st Cir. 2010). The attachment was presented a year prior to the filing of the instant petition and Property 7,581 is still property of the bankruptcy estate. Thus, the stay still applies to such property while the attachment is pending recordation. By operation of law and until the Property Registrar addresses the attachment, it is presumed that the attachment will be duly recorded by the Property Registrar and that the Claimants are secured creditors in this case. See, In re Hernandez, 2016 WL 1301642, at *4 (Bankr. D.P.R. 2016).

As to prescription of the underlying claims, none of the terms cited by Debtor apply as such claims have as a basis a final and unappealable judgment by the state court. Thus, the Claimants have already exercised their right to seek and obtain relief as to such claims in state

7

court and none of the provisions of the Puerto Rico Civil Code cited by Debtor are applicable to Debtor's obligations per the final and unappealable judgment.

> **(iii)    Timeliness of the Claims**

The Proofs of Claim in this case were filed as fully secured. "A secured creditor is not required to file a proof of claim or participate in the bankruptcy process to protect its lien. . . Thus, a secured creditor does not need to file a proof of claim to protect its lien, since the same passes through the bankruptcy process unaffected." In re Galindez, 214 B.R. 79, 91 (Bankr. D.P.R. 2014).

In any event, Fed. R. Bankr. P. 3002(c) provides the time for filing a Proof of Claim in chapter 7 cases. 11 U.S.C. § 726 provides the distribution order of property of the estate and includes in its subsection (a)(3) claims filed "in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title. . ." in third position, after those filed timely.  Also, 11 U.S.C § 502(b)(9) states that if an objection to a claim is made, the court shall determine the amount of such claim, unless it was tardily filed and clarifies that such provision does not apply "as permitted under paragraph (1), (2), or (3) of section 726(a)."  Thus, a tardily filed unsecured claim may be allowed in chapter 7 cases. See, In re Van Bible, 2012 WL 2022570, at *2-3 (Bankr. D.P.R. 2012); In re Perry, 391 F.3d 282, 286 (1st Cir. 2004); In re Corporacion de Servicios Medico-Hospitalarios de Fajardo, Inc., 149 B.R. 746, 749 (Bankr. D.P.R. 1993).

The deadline for the filing proofs of claims in this case was March 6, 2017 [Dkt. 29] and the Proofs of Claim were filed on April 26, 2021, four years later.  Since they were filed as fully secured, they do not have any impact on the distribution scheme per 11 U.S.C. § 726 and as stated above, the Claimants' liens would pass through the Debtor's petition unaffected. Thus,

even if they had been filed as unsecured, they would have been allowed as tardily filed which would place them at a different rank for distribution.

### (iv) Successive Chain of Title Requirement ("Falta de Tracto Sucesivo")

Debtor argues that the Claimants' lien will not be recorded by the Property Registrar because Property 7,581 is owned by Debtor and her late husband and therefore, it fails to comply with the successive chain of title requirement of Article 57 of the Puerto Rico Mortgage Law for its inscription, 30 L.P.R.A. § 2260. The court disagrees.

It is undisputed that the writ of attachment was duly presented before the Puerto Rico Property Registry and is pending recordation but has not been registered. It is the duty of the Registrar of Property to notify any defect that would prevent recordation and the Claimants may have the opportunity to cure such defect. At this time though, it is presumed that the attachment will be duly recorded by the Property Registrar. See, In re Hernandez, 2016 WL 1301642, at *4 (Bankr. D.P.R. 2016). Furthermore, it should be noted that in this case the titleholders of Property 7,581 per the title study [Dkt. 239, p. 6] are Debtor and her late husband. In fact, the writ of attachment issued by the Court of First Instance of Puerto Rico, Superior Court of Mayagüez and presented before the Registry of Property, accurately identifies the Debtor and her late husband as the titleholders of Property 7,581. [Proof of Claims, Part 3 at 2.]

### (v) Estate Tax Return

Debtor alleges that Property 7,581 cannot be sold because state law prohibits a sale if the estate tax is not paid. Section 2054.01 of the Puerto Rico Internal Revenue Code of 2011 creates a lien over a probate estate for the taxes due by the deceased person and Section 2054.05 states that property subject to the lien cannot be sold without first deducting the amounts due in favor of the Secretary of Treasury. 13 L.P.R.A. §§ 31161, 31165, respectively. Debtor argues that to the best of her knowledge, the estate tax return has not been filed.

9

The court notes that the Settlement Agreement that was upheld through the judgment in favor of Claimants provides in its paragraph sixth[2] that Debtor and her son Alvaro Emmanuel Monsegur Franqui shall be solely liable of all probate estate debt, assume such debt, and release the Claimants from them.[3] Consequently, pursuant to the Settlement Agreement, it is the Debtor's responsibility to file such estate tax return and pay the debts, if any, of the probate estate. Moreover, the estate tax should have been filed "within a term of nine (9) months immediately after the time of death of the decedent…" 13 L.P.R.A. § 31121. Debtor is estopped from arguing that the Chapter 7 Trustee may not sell property of the estate because the estate tax return was not filed when it is her duty to file such estate tax return. Furthermore, Debtor has not evidenced that the estate does owe taxes to the Treasury Department.

Furthermore, "[t]he Bankruptcy Code itself plainly protects a security interest even when the assets to which the interests attach are sold in a section 363(f) sale, 11 U.S.C. § 363(e), which often means that those security 'interests attach to the proceeds of the sale.'" In re: Old Cold, LLC, 976 F.3d 107, 118 (1st Cir. 2020) (quoting H.R. Rep. No. 95–595, at 345 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6302; S. Rep. No. 95–989, at 56 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5842.) While the Treasury Department was not listed as a creditor and

---

[2] Such paragraph reads in the Spanish language as follows: "La segunda y tercera parte se hacen totalmente responsables, asumen y liberan a la primera parte de todas las deudas hereditarias y gananciales que aparezcan y surjan en el Departamento de Hacienda, Centro de Recaudación de lngresos Municipales, Western Bank-cuenta #7290013047, Reliable Financial-cuenta *#777140205,* United States Internal Revenue Services; General Electric. Credit-cuenta #4112848-001; R.G Premier Bank-cuenta #1600341422; RG Premier Bank-cuenta #1600341430; Fonda del Seguro del Estado y cualquier otra deuda o cuenta pendiente de pago o cualquier institución bancaria, financiera, etc. al momento de firmarse este acuerdo y sobre cualquier bien mueble, inmueble o semoviente o contribuciones sobre ingresos o de la propiedad o municipales pertenecientes a la sucesión Manuel Monsegur Sanabria y/o a la Sociedad de Gananciales aqui mencionada." Proofs of Claim, Part 2, p. 19.

[3] All parties to the contested matters addressed in this Opinion & Order have filed or made reference to documents in the Spanish language. In furtherance of judicial economy, the court will not order certified translations at this time. However, should an appeal be taken, the parties shall file respective certified translations of the documents in support of their positions.

has not filed a proof of claim, if it does have a lien, which is unknown at this time, its security interest would attach to the proceeds of the sale.

### (vi) Interest of Nondebtor Co-owner

Debtor also raised that the distribution of the net proceeds to her son, Alvaro Emmanuel Monsegur Franqui is inadequate [Dkt. 251, p. 2.] However, per his own admission in his answer to the complaint, such party is of legal age and failed to timely oppose the Motion for Sale. See, Adv. Proc. No. 18-00067, Dkts. 1 & 70. Moreover, the record shows that Alvaro Emmanuel Monsegur Franqui was duly notified of the Motion for Sale [Dkt. 225, p. 12] and did not oppose to the same. Consequently, the court will not consider such argument as it was not set forth by a party aggrieved by the proposed distribution.

## IV. CONCLUSION

For the foregoing reasons, the court denies Debtor's Objection to Claims [Dkt. 210] and finds that the sale of Property 7,581 is in the best interest of the estate. Therefore, Debtor's objection to the sale is denied [Dkts. 227] and the Motion for Sale [Dkts. 221 & 225] is hereby approved.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 16th day of May, 2022.

María de los Ángeles González
United States Bankruptcy Judge

11